IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50506
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY POWELL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-94-CR-56-2
--------------------

December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Tracey Powell (Powell) appeals the 24-month sentence imposed by the district court upon revocation of her supervised release. This court will uphold a sentence imposed following the revocation of a term of supervised release unless it was in violation of law or was plainly unreasonable. United States v. Mathena, 23 F.3d 87, 89, 93-94 (5th Cir. 1994).

After a revocation hearing, the district court revoked Powell's supervised release, imposed a 24-month term of imprisonment, and recommended that Powell participate in a 500-

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hour intensive drug program.  In order to qualify for this drug program, Powell was required to have 18-months left in her term when she arrived at the prison facility.  Powell argues that the sentence was "plainly unreasonable."

Powell's sentence was not unlawful as it was within the statutory maximum upon revocation of supervised release for a defendant whose underlying offense was a Class C felony.  See 18 U.S.C. § 3583(e)(3); see also Mathena, 23 F.3d at 94.

In imposing a revocation sentence the court shall consider, *inter alia*: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and 2) the need for the sentence to provide the defendant with medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1), (a)(2)(D); see 18 U.S.C. §§ 3583(e)(3) and (g)(2).  Moreover, this court has found that once imprisonment is mandated under § 3583(g), rehabilitative needs may be considered to determine the length of incarceration within the sentencing range.  United States v. Giddings, 37 F.3d at 1097 (5th Cir. 1994).  The district court's recommendation that the Bureau of Prisons place Powell in an intensive drug treatment program implies that the court took Powell's rehabilitative needs into consideration when it calculated the sentence.  Considering Powell's history of drug abuse and her violations of the conditions of her supervised release, it was reasonable for the district court to determine, at the time of revocation, that Powell required intensive drug treatment.  The 24-month term of imprisonment was therefore not "plainly unreasonable."

AFFIRMED.